**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IVAN ALVAREZ,<br>and all similarly situated<br>individuals,<br>　　　　Plaintiff,<br>　　　v.<br>GOLD BELT, LLC, GOLDBELT<br>FALCON, L.L.C., THE BIONETICS<br>CORPORATION,<br><br>　　　　Defendants. | CIVIL NO. 08-4871(NLH)(KMW)<br><br>　　　**OPINION** |

**APPEARANCES:**

Andrew R. Frisch, Esquire
Morgan & Morgan, P.A.
7450 Griffin Road
Suite 230
Davie, FL 33314

　　　On behalf of plaintiff

George A. Voegele, Jr., Esquire
Mark J. Foley, Esquire (pro hac vice)
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103-3508

　　　On behalf of defendants

**HILLMAN**, District Judge

　　　This case concerns a putative collective action for unpaid overtime wages for plaintiff's employment as a "Citizen on Battlefield" role-player for the Unites States military.  Pending before the Court is defendants' motion to dismiss and plaintiff's motions to file an amended complaint and for class certification.[1]

---

　　　[1]Also pending before the Court are plaintiff's motion for an extension of time to file its opposition to defendant's motion to dismiss and defendant's motion to file a sur reply in further support of its motion.  Both of these motions will be denied as

For the reasons expressed below, the parties' motions will be
denied.

**<u>BACKGROUND</u>**

At various times over the past few years, defendants, Goldbelt
Eagle, LLC, Goldbelt Falcon, LLC, and The Bionetics Corporation,
have contracted with the United States government to provide role
players to the U.S. military to assist the military with training
exercises.  Plaintiff, Ivan Alvarez, became an employee of
defendants in December 2005 as a Citizen on Battlefield ("COB")
role player.  Plaintiff claims that defendants have violated the
Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.,
because he was not paid overtime in accordance with the FLSA.
Plaintiff claims that defendants failed to pay him at a rate of one
and a half times his regular hourly rate when he worked in excess
of forty hours per week.  More specifically, plaintiff claims that
defendant automatically deducted one hour for an eight-hour work
day, and two hours for a twelve hour work day, regardless of
whether he took the full break, or any break at all.  Plaintiff has
filed this action on his behalf and all others similarly situated.

Defendants have moved to dismiss plaintiff's complaint based
on the "first-filed" rule.  Defendants argue that a case filed
prior to plaintiff's, and currently pending before District Judge
Joseph Irenas, advances identical claims as plaintiff's.  Under the

moot.

2

first-filed rule, defendants argue that plaintiff's complaint must be dismissed.[2]

Plaintiff counters that the first-filed rule is inapplicable to his case. He also asserts that his proposed class should be certified. Additionally, he seeks to add claims based on state law. Defendants have opposed both of plaintiff's motions.

## DISCUSSION

### A. Jurisdiction

The Court has jurisdiction over this matter pursuant to 29 Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., specifically pursuant to § 216(b), and 28 U.S.C. §§ 1331 and 1337.

### B. Analysis

Prior to determining whether plaintiff's proposed class should be certified, or whether he should be permitted to amend his complaint, it must be determined whether this case falls within the scope of the first-filed rule. The first-filed rule was adopted in this Circuit seventy years ago, when the Court of Appeals concluded, "'[i]n all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it'." E.E.O.C. v. University of Pennsylvania, 850 F.2d 969, 971-72 (3d Cir. 1988) (quoting Crosley Corp. v. Hazeltine Corp., 122 F.2d 925,

---

[2]Defendants also argue that if plaintiff's complaint is not dismissed, class certification should be denied. Because the Court will dismiss without prejudice plaintiff's motion for class certification, defendants' opposition to class certification will not be considered at this time.

929 (3d Cir. 1941)) (other citations omitted).  "Since then, this policy of comity has served to counsel trial judges to exercise their discretion by enjoining the subsequent prosecution of similar cases [] in different federal district courts."  Id. (citation and quotations omitted).  The purpose of the first-filed rule is to encourage "sound judicial administration," to promote "comity among federal courts of equal rank," and to give "a court the power to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court."  Id. (citations and quotations omitted).

Defendants argue that the "first-filed" case requiring application of the rule here is Manning v. Gold Belt Falcon, LLC, Gold Belt Eagle, LLC, and Bionetics Corporation, Docket No. 08-3427, filed on July 10, 2008 and currently pending before District Judge Joseph Irenas in the Camden Vicinage.  In Manning, the eight plaintiffs were COB role players employed by the same defendants in this case,[3] and they advance the same claims of failure to pay proper overtime and impermissible automatic break deductions in

---

[3]Plaintiff here states that the defendants are different in both cases because "Bionetics Corporation" is a defendant in Manning and "The Bionetics Corporation" is a defendant here.  It appears from the corporate disclosures in Manning that the "The" is immaterial.  Additionally, although defendant here is named "Goldbelt, LLC," no such entity exists.  Rather, Goldbelt, Inc. is the parent company of Goldbelt Eagle, LLC and Goldbelt Falcon, LLC.  The Court further notes that counsel for defendants in both cases is the same.

4

violation of the FLSA.[4]  Just like plaintiff here, the Manning

plaintiffs also seek to proceed as a § 216(b) collective action[5] on

their behalf and on the behalf of others similarly situated.[6]

Defendants contend that because the Manning case is identical to

this case, including the plaintiffs because both plaintiff here and

the Manning plaintiffs would all be part of the same collective

action class, this case must be dismissed in favor of the first-

filed Manning action.

    Plaintiff argues that his complaint should not be dismissed

---

     [4]The Manning case also claims that defendants violated the
New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, et seq.
Plaintiff argues that the fact that he does not advance such a
claim causes his case to be different from the Manning action.
Since the filing of defendants' motion to dismiss, however,
plaintiff has filed a motion to amend his complaint to add a
NJWHL claim.

     [5]A collective action under the FLSA is different from a
class action brought pursuant to Federal Civil Procedure Rule 23
in that a FLSA collective action requires class members to "opt
in," while a Rule 23 class action requires class members to "opt
out."  See Sperling v. Hoffman-La Roche, Inc., 862 F.2d 439, 444
(3d Cir. 1988); see also Ruehl v. Viacom, Inc., 500 F.3d 375, 379
(3d Cir. 2007) (explaining that "[m]ost courts, ours included,
have not been methodical in their use of the terms 'class action'
and 'collective action.' The result is that numerous cases about
FLSA 'collective actions' use the Rule 23 term 'class action'").

     [6]29 U.S.C. § 216(b) governs collective actions under the
FLSA, and provides, in relevant part, that collective actions
against employers are authorized "by any one or more employees
for and in behalf of himself or themselves and other employees
similarly situated. No employee shall be a party plaintiff to any
such action unless he gives his consent in writing to become such
a party and such consent is filed in the court in which such
action is brought."

because the first-file rule does not apply where, as here, the
first-filed action is pending in this same Court, rather than in a
federal court in another district.  Plaintiff also argues that the
parties are not identical, because prior to any certification of
the class, the plaintiffs in each action are independent and
unrelated to each other.  Plaintiff contends that these are
fundamental flaws prohibiting the application of the first-filed
rule.

Plaintiffs are correct that this rule has mostly been applied
to cases pending in different districts.  See E.E.O.C, 850 F.2d at
971 ("first-filed" rule prevents "subsequent prosecution of similar
cases ... in _different_ federal courts" (emphasis added)).  This is
because similar cases pending within the same district can be
consolidated for discovery and/or trial.  See Fed. R. Civ. P. 42(a)
("If actions before the court involve a common question of law or
fact, the court may: (1) join for hearing or trial any or all
matters at issue in the actions; (2) consolidate the actions; or
(3) issue any other orders to avoid unnecessary cost or delay.");
see also Haag v. Janney Montgomery Scott, LLC, 2007 WL 1240206, *1
(E.D. Pa. 2007) (declining to dismiss a subsequently-filed FLSA
case because the first-filed rule "was designed to deal with
subsequent proceedings involving the same parties and issues
pending before another district court," and noting that Fed. R.
Civ. P. 42(a) is an effective tool for handling similar actions).

6

Indeed, in this case, subsequent to the filing of defendants'
motion and plaintiff's opposition, on February 9, 2009, Magistrate
Judge Schneider entered a consolidation order, consolidating for
discovery and case management this case and the <u>Manning</u> case.

Thus, because the first-filed rule is designed to avoid
concurrent litigation of the same issues, between the same parties,
in more than one federal court, it does not technically apply to
the case here.  The principles behind first-filed rule, however,
are implicated.  Long ago, the Third Circuit advised,

> The party who first brings a controversy into a court of
> competent jurisdiction for adjudication should, so far as
> our dual system permits, be free from the vexation of
> subsequent litigation over the same subject matter.  The
> economic waste involved in duplicating litigation is
> obvious.  Equally important is its adverse effect upon
> the prompt and efficient administration of justice.  In
> view of the constant increase in judicial business in the
> federal courts and the continual necessity of adding to
> the number of judges, at the expense of the taxpayers,
> public policy requires us to seek actively to avoid the
> waste of judicial time and energy.  Courts already
> heavily burdened with litigation with which they must of
> necessity deal should therefore not be called upon to
> duplicate each other's work in cases involving the same
> issues and the same parties.

<u>Crosley Corporation v. Hazeltine Corporation</u>, 122 F.2d 925, 929-30
(3d Cir. 1941) (discussing the principles behind the first-filed
rule).

The sentiments of the court in <u>Crosely</u> apply with even more
force today.  Here, this case and the <u>Manning</u> case are
fundamentally identical.  The plaintiffs in both matters (1) are
all COB role players, (2) seek to certify a class of plaintiffs who

are just like them, and (3) claim that the FLSA was violated in the same manner.[7]  Defendants in both matters are the same employers of all the plaintiffs.  The only difference between the cases are the actual names of the plaintiffs and the attorneys prosecuting the actions.

Moreover, the fact that both actions seek to proceed as a collective action causes plaintiff here to be a potential plaintiff in the Manning case, and the plaintiffs in Manning to be potential plaintiffs in this case.  Thus, in practical effect, the plaintiffs in both cases are overlapping.

Considering that the plaintiffs are essentially the same, the defendants are the same, and the claims are the same, as was noted in Crosley, this case presents the potential for waste of judicial resources and the duplication of two court's efforts.

Of additional and greater concern is the potential for inconsistency in the determination of the legal issues.  Both Judge Irenas in Manning and this Court here will be tasked with determining whether the matters should be certified as collective actions and whether the plaintiffs' claims are viable under the FLSA and NJWHL.  Inconsistency in such determinations would cause turmoil for the parties and for the state of the law.  It would

---

[7]As noted above, the Manning plaintiffs also claim that defendants violated the New Jersey Wage and Hour Law.  Plaintiff here seeks leave to amend his complaint to add the identical claim.  This further demonstrates that these cases are mirror images of one another.

also be in violation of the law of the case doctrine.

The law of the case doctrine applies to at least four
situations: (1) a single court adhering to its own prior ruling;
(2) one judge or court adhering to the rulings of another judge or
court in the same case or closely related cases; (3) a court
adhering to the rulings of a higher court; and (4) failure to
appeal an issue or to preserve it for appeal. Pension Benefit
Guar. Corp. v. White Consol. Industries Inc., 1999 WL 680185, *34
(W.D. Pa. 1999) (citing 18 Charles Alan Wright, et. al., Federal
Practice and Procedure, Section 4478 (1981 & 1998 Supp.)
(collecting cases)); see also TCM Film Corp. v. Gourley, 240 F.2d
711, 713 (3d Cir. 1957) ("[J]udges of co-ordinate jurisdiction
sitting in the same court and in the same case should not overrule
the decisions of each other"; the purpose of this "rule of judicial
comity is to preserve the orderly functioning of the judicial
process."). The second situation applies here.

Accordingly, judicial comity requires that this Court defer to
Judge Irenas in the case filed first before him. In order to
effect this comity, plaintiff's motions will be denied without
prejudice pending the resolution of the collective action
certification issue in Manning. If the Manning action is certified
as a collective action, plaintiff will have the choice to either

opt-in,[8] or to continue with his own action separately.  If the Manning action is not certified, then plaintiff may continue his own action, but not as a collective action, unless he can demonstrate a reason otherwise.  By deferring judgment on plaintiff's motions, it will preserve his claim and allow him to participate in discovery[9], while at the same time preventing the duplication of efforts, waste of judicial resources, and inconsistent results on the same legal issues presented to two separate courts.[10]

**CONCLUSION**

For the reasons expressed above, defendant's motion to dismiss based on the first-filed rule will be denied.  Plaintiff's motions for class certification and to amend his complaint[11] will be denied

---

[8]By mandating an opt-in scheme under FLSA, Congress intended to balance the need for vindication of employees' federal statutory rights with the need to curb the number of lawsuits and the vast potential liability for employers under an opt-out federal class action.  De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 306 (3d Cir. 2003) (citing 93 Cong. Rec. 2,082 (1947)).

[9]The Court notes that it is plaintiff's case and controversy that is of concern, and not which lawyer will prosecute the putative collection action against the defendants.

[10]The Court reiterates that this case has been consolidated for discovery purposes with Manning.  The Court also notes that defendants in Manning have filed an answer and the parties have submitted a joint discovery plan.  A status conference will be held on June 23, 2009.

[11]Rule 15(a) provides that a party "may amend the party's pleading once as a matter of course at any time before a responsive pleading is served."  The Third Circuit has held that "a motion to dismiss is not a responsive pleading and that Rule

without prejudice.  Plaintiff's motion for an extension of time to file his brief in opposition to defendant's motion and defendant's motion to file a sur reply will be denied as moot.  An appropriate Order will be entered.


Dated: May 26, 2009                         s/ Noel L. Hillman

At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

---

15(a), therefore, allows one amendment as a matter of right up to the point at which the district court grants the motion to dismiss and enters final judgment."  Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007) (citation omitted).  Thus, at this stage in the litigation, the Court notes that plaintiff does not need to seek leave to file an amended complaint.

11