IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IVAN ALVAREZ, and all similarly situated individuals,<br>　　　　Plaintiff,<br>　　v.<br>GOLD BELT, LLC, GOLDBELT FALCON, L.L.C., THE BIONETICS CORPORATION,<br>　　　　Defendants. | CIVIL NO. 08-4871(NLH)(KMW)<br><br>OPINION |

**APPEARANCES:**
Andrew R. Frisch, Esquire
Morgan & Morgan, P.A.
7450 Griffin Road
Suite 230
Davie, FL 33314

　　On behalf of plaintiff

George A. Voegele, Jr., Esquire
Mark J. Foley, Esquire (pro hac vice)
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103-3508

　　On behalf of defendants

**HILLMAN**, District Judge

　　This case concerns a putative collective action for unpaid overtime wages for plaintiff's employment as a "Citizen on Battlefield" ("COB") role-player for the Unites States military. Previously, in considering defendants' motion to dismiss plaintiff's complaint and plaintiff's motions to file an amended complaint and for class certification, the Court found that judicial comity--under the principles of the first-filed rule and law of the case doctrine--required that this Court defer to Judge

Irenas in the essentially identical case filed first before him, <u>Manning v. Gold Belt Falcon, LLC, Gold Belt Eagle, LLC, and Bionetics Corporation</u>, Docket No. 08-3427. This Court then denied without prejudice the parties' motions pending the resolution of the collective action certification issue in <u>Manning</u>. Following the Court's May 26, 2009 Opinion, plaintiff filed a motion for reconsideration of that decision, as well as a motion to consolidate with the <u>Manning</u> case. Defendants also filed another partial motion to dismiss. Virtually, the same motion to consolidate and motion to dismiss were filed by the parties in <u>Manning</u> at the same time. Recently, Judge Irenas decided the motions in the case before him. It is under this backdrop that this Court will decide the motions pending here.

## **BACKGROUND & DISCUSSION**

As noted in the previous Opinion, at various times over the past few years, defendants, Goldbelt Eagle, LLC, Goldbelt Falcon, LLC, and The Bionetics Corporation, have contracted with the United States government to provide role players to the U.S. military to assist the military with training exercises. Plaintiff, Ivan Alvarez, became an employee of defendants in December 2005 as a COB role player. Plaintiff claims that defendants have violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., the New Jersey Wage and Hour Law ("NJWHL"), N.J.A.C. 12:56-5.2, and New Jersey common law because he was not paid overtime in accordance

2

with the FLSA or NJWHL.[1]

In his current motions, plaintiff is attempting to use two different avenues to get to the same end result--for this Court to decide the class certification issue.  In his motion for reconsideration, plaintiff asks that the Court reverse the decision to defer to Judge Irenas pursuant to the principles of the first-filed rule and law of the case doctrine, and make a determination of the class certification issue, because counsel in both cases have agreed to join forces.  In his motion to consolidate, plaintiff asks that this case and the <u>Manning</u> case be consolidated into one case because they involve common issues of law and fact, thus causing the class certification issue to be decided as to both cases simultaneously.

The arguments plaintiff makes in support of his motion to consolidate--namely, that his case and the <u>Manning</u> are essentially identical cases, which, if they were to proceed separately, would result in a waste of judicial resources and cause delays, expense, confusion, or prejudice--cannot serve as a basis for reconsideration.  Indeed, it was because of those very same concerns that this Court declined to rule on plaintiff's motions prior to Judge Irenas making a determination on the same issues in

---

[1] The Court has jurisdiction over this matter pursuant to 29 Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., specifically pursuant to § 216(b), and 28 U.S.C. §§ 1331, 1337, and 1367.

the case filed first before him.  Furthermore, even though plaintiff requests that the Court reverse its denial of class certification, this Court did not render a decision as to certification.  Instead, the Court deferred consideration of that motion pending Judge Irenas's review and determination of that very same issue.  Accordingly, having failed to demonstrate: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice, <u>Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999), plaintiff's motion for reconsideration must be denied.

With regard to plaintiff's motion to consolidate,[2] Judge Irenas recently issued a decision on the same motion filed in <u>Manning</u>.  Judge Irenas denied the plaintiffs' joint request for consolidation based on two main considerations.  First, Judge Irenas noted that if he were to consolidate the cases, this action would be permitted to proceed intact without the certification issue in <u>Manning</u> having been determined, which would be in direct contravention of this Court's May 26, 2009 Opinion and Order.  (<u>See</u> 08-3427, Docket No. 38, at 3.)  Second, Judge Irenas found that

---

[2]Plaintiff makes his motion pursuant to Fed. R. Civ. P. 42(a), which provides that consolidation is proper if the two actions "involve a common question of law or fact."

4

consolidation would also create the possibility of two separate actions both requesting collective action certification, which would defeat the purpose behind collective actions.  (Id. at 3-4.) In this Court's May 2009 Opinion, the Court raised that same concern, and indicated that if Manning were to be certified, plaintiff in this case could join that collective action, or opt-out and proceed with this case individually.  This Court never contemplated the maintenance of two identical collective actions. Consequently, for the same reasons expressed and reiterated by Judge Irenas, and based on the principles of the first-filed rule, this Court will also decline to consolidate this case with Manning.

With regard to defendants' partial motion to dismiss, defendants advanced the same argument in Manning--that plaintiffs cannot maintain their NJWHL claim because it is barred by the Federal Enclave Doctrine.[3]  Judge Irenas recently determined this issue as well.  Judge Irenas explained,

> Under the Federal Enclave Doctrine, "the activities of federal installations are shielded by the Supremacy Clause from direct state regulation unless Congress provides 'clear and unambiguous' authorization for such regulation." Goodyear Atomic Corp. v. Miller, 486 U.S. 172, 180 (1988) (quoting EPA v. State Water Resources Control Board, 426 U.S. 200, 211 (1976)).  The Federal Enclave Doctrine applies to land held by the federal government that was given, deeded or ceded by the state. Id.  A state law will apply to the federally held land if

---

[3]As discussed, *infra*, plaintiff here has advanced claims for breach of contract and unjust enrichment, which claims were not pleaded in Manning.  Defendants have also moved to dismiss these two claims.

>       either the state law existed at the time of cession and
>       has not been abrogated by Congress, a relevant
>       predecessor state law existed, or Congress has
>       specifically acted to make state law applicable on the
>       enclave." Kelly v. Lockheed Martin Services Gr., 25 F.
>       Supp. 2d 1, 6 (D.P.R. 1998).
>
> (Manning, 08-3427, Docket No. 40, at 4-5.)

Judge Irenas noted that the plaintiffs did not contest that Fort Dix falls under the definition of a federal enclave, and he pointed out that the NJWHL was "neither in existence at the time of cession nor was there a relevant predecessor state law in existence at the time of cession." (Id. at 5.)  Judge Irenas also rejected the plaintiffs' argument that the Service Contract Act, 41 U.S.C. § 351, allowed their NJWHL to proceed. (Id. at 5-6.)  Accordingly, Judge Irenas found that the Federal Enclave Doctrine precluded the plaintiffs' NJWHL claim. (Id. at 7.)

Plaintiff in this case has not presented any additional or alternative basis to support the propriety of his NJWHL claim, and he has not demonstrated that this Court should not follow Judge Irenas' decision, as suggested by the principles of the first-filed rule and law of the case doctrine.  Consequently, plaintiff's NJWHL claim will be dismissed for the same reasons expressed by Judge Irenas.

There are two additional claims in this case not advanced in Manning, however, and defendants have also moved to dismiss those claims as well.  Plaintiff claims that when defendants did not pay him his proper wages, they breached their oral contract to pay him

6

proper wages as required by the NJWHL, and were unjustly enriched by having the benefit of his work without having to pay. These claims are also unsupportable.[4]

Plaintiff argues that his state common law claims should not be dismissed on the same basis he argues that his NJWHL claim is not barred by the Federal Enclave Doctrine. As stated above, plaintiff's argument was rejected by Judge Irenas, and this Court agrees. Morever, plaintiff's claims for breach of contract and unjust enrichment are his NJWHL claim recast as common law claims. Plaintiff cannot evade the bar of the Federal Enclave Doctrine by simply changing the name of his claim. Consequently, plaintiff's state common law claims are not sustainable and must be dismissed.

## **CONCLUSION**

For the reasons expressed above, plaintiff's motions for reconsideration and motion for consolidation will be denied, and defendants' partial motion to dismiss will be granted. The only remaining claim in this case is for violation of the FLSA, which plaintiff wishes to proceed as a putative collective action. The plaintiffs in Manning have recently filed a motion for conditional class certification, which has a hearing return date set for April 5, 2010. As directed by the Court's prior Opinion, and restated

---

[4] If plaintiff's common law claims were not barred, they would have to be alternative to each other, as recovery under a theory of unjust enrichment is not appropriate, when a valid, unrescinded contract governs the rights of the parties. Van Orman v. American Ins. Co., 680 F.2d 301, 310 (3d Cir. 1982); see also Moser v. Milner Hotels, Inc., 78 A.2d 393, 394 (N.J. 1951).

7

herein, any considering of plaintiff's request for class certification in this case must await the resolution of the plaintiffs' motion in <u>Manning</u>.

An appropriate Order will be entered.


Date: <u>March 4, 2010</u>              <u>  s/ Noel L. Hillman       </u>

At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.