IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IVAN ALVAREZ, and all similarly situated individuals, <br>     Plaintiff, <br>     v. <br> GOLD BELT, LLC, GOLDBELT FALCON, L.L.C., THE BIONETICS CORPORATION, <br>     Defendants. | CIVIL NO. 08-4871(NLH)(KMW) <br><br> OPINION |

**APPEARANCES:**
Andrew R. Frisch
Morgan & Morgan, P.A.
7450 Griffin Road
Suite 230
Davie, FL 33314

David M. Cedar
Merovitz, Cedar & Gruber, LLC
100 Century Parkway, Suite 305
Mount Laurel, NJ 08054

Gerald J. Williams
Williams, Cuker & Berezofsky, Esqs.
1515 Market Street
Suite 1300
Philadelphia, PA 19102-1929

    On behalf of plaintiff

George A. Voegele, Jr., Esquire
Mark J. Foley, Esquire (pro hac vice)
Emily P. Simpson-Miller
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103-3508

    On behalf of defendants

**HILLMAN**, District Judge

   This case concerns a putative collective action, arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et

seq., for unpaid overtime wages for plaintiff's employment as a "Citizen on Battlefield" ("COB") role-player for the Unites States military.[1]  Previously, in considering the class certification issue, the Court found that judicial comity--under the principles of the first-filed rule and law of the case doctrine--required this Court to defer to Judge Irenas in the essentially identical case filed first before him, <u>Manning v. Gold Belt Falcon, LLC, Gold Belt Eagle, LLC, and Bionetics Corporation</u>, Civil Action No. 08-3427.  The Court found that because in this case and in <u>Manning</u> the plaintiffs are essentially the same, the defendants are the same, and the claims are the same, this case presents the potential for the waste of judicial resources and the duplication of two courts' efforts.  The Court also found that a failure to defer to the first-filed case would have the potential for inconsistency in the determination of the legal issues, which "would cause turmoil for the parties and for the state of the law."  (Docket No. 40 at 8-9.)

Thus, the Court found that judicial comity required that this Court defer to Judge Irenas in the case filed first before him, and denied plaintiff's motion for class certification without prejudice pending the resolution of the collective action

---

[1] Defendants, Goldbelt Eagle, LLC, Goldbelt Falcon, LLC, and The Bionetics Corporation, have over the years contracted with the United States government to provide role players to the U.S. military to assist the military with training exercises.

certification issue in Manning.  The Court instructed, "If the Manning action is certified as a collective action, plaintiff will have the choice to either opt-in, or to continue with his own action separately.  If the Manning action is not certified, then plaintiff may continue his own action, but not as a collective action, unless he can demonstrate a reason otherwise."  (Id. at 9-10.)  The Court subsequently reaffirmed the principle of judicial comity in denying plaintiff's motion for reconsideration of that decision.[2]  (Docket No. 66.)

Since then, Judge Irenas in Manning issued an order conditionally certifying the collective action.[3]  The class conditionally certified by Judge Irenas encompasses all employees of defendants who served as COBs at any time from February 22, 2007 to the present.  (Civ. A. No. 08-3427, Docket No. 62 at 2.)  Judge Irenas has also directed that notice be sent to prospective class members.

In his current motion, plaintiff is moving again for collective action certification in this case.  Plaintiff asks that this Court certify an identical collective action, except for the

---

[2]The Court also denied plaintiff's motion to consolidate, and granted defendants' motion to dismiss all of plaintiff's claims except for his FLSA claim.

[3]Also since this Court's original Opinion, the two cases have been consolidated for discovery purposes, and counsel here have entered their appearances in the Manning case, and counsel in Manning have entered their appearances in this case.

3

COB employees' employment dates.  Because the class certified by Judge Irenas begins on February 22, 2007, plaintiff here requests that his collective action cover COB employees who worked for defendants from October 29, 2005 through February 21, 2007.  Defendants have opposed plaintiff's motion.

For the same reasons already expressed by this Court in its prior two Opinions, as well as by Judge Irenas in his Opinion denying a motion to consolidate the cases, (see 08-3427, Docket No. 38), certification of a separate collective action here would be improper.

In his motion, plaintiff argues that because the defendants and claims of his putative collective action are identical--save for the employment date range--to the collective action already conditionally certified by Judge Irenas, his action should be certified for the same reasons as found by Judge Irenas.  Rather than support the certification in this case, however, the identity of the collective actions again demonstrates the need for one court to handle these claims.  Any ruling in this action on any issue, such as the viability of the FLSA claims, how notice is disseminated to the class, or whether the collective action class will be certified beyond the conditional approval, could conflict with Judge Irenas's findings on the same issues in the case before him.  As indicated previously, this would cause havoc for the parties and for the state of the law.

4

The issue of the differing employment periods between the two collective actions does not change this analysis.  Judge Irenas certified a class from February 22, 2007 through the present.  Defendants relate that plaintiff's counsel in Manning asked for this date range, and that plaintiff's counsel never sought to include COBs who were employed from October 29, 2005.  Defendants indicate that during the extensive briefing and two oral arguments held in Manning on the collective action certification issue, they contested the start date of February 22, 2007 because they consider it "even more extensive than what is considered appropriate by most judges."  (Def. Opp. at 2.)  In the body of his Opinion, however, Judge Irenas does not discuss the reasoning for approving this time period.

Regardless of Judge Irenas's reasoning on the applicable date range, it is now the law of the case, which this Court will not disturb.  (See Docket No. 40 at 9, discussing the law of the case doctrine, and citing to Pension Benefit Guar. Corp. v. White Consol. Industries Inc., 1999 WL 680185, *34 (W.D. Pa. 1999) (citing 18 Charles Alan Wright, et. al., Federal Practice and Procedure, Section 4478 (1981 & 1998 Supp.) (collecting cases)); TCM Film Corp. v. Gourley, 240 F.2d 711, 713 (3d Cir. 1957) ("[J]udges of co-ordinate jurisdiction sitting in the same court and in the same case should not overrule the decisions of each other"; the purpose of this "rule of judicial comity is to

preserve the orderly functioning of the judicial process.").)  If counsel believe that the collective action should span back to October 29, 2005, they should raise, or should have raised, that concern before Judge Irenas.[4]  They cannot, however, seek to expand the class through the certification of a separate collective action, which in all other respects is identical to the one already conditionally certified.[5]  As both Courts have repeatedly indicated, neither Court has sanctioned the maintenance of two identical collective actions.  (See, e.g., Docket No. 66 at 5.)[6]

---

[4]Defendants argue that plaintiff's proposed class of October 29, 2005 through February 21, 2007 is barred by the FLSA's statute of limitations, and even if this Court were to substantively consider plaintiff's certification request, it should be denied as futile.  In response, plaintiff argues that equitable tolling principles should apply to the determination of the statute of limitations period.  This Court will not consider these arguments, but they demonstrate why the proposed October 2005 - February 2007 time period for the class should be (or should have been) contemplated by Judge Irenas.

[5]Plaintiff in this case filed his motion for class certification two months after Judge Irenas conditionally certified the class in Manning.  Notice has been sent to the putative class members in Manning, and their responses were due March 22, 2011.  (See Civ. A. No. 08-3427, Docket No. 62 at 2, and Docket No. 68.)

[6]Defendants move for costs and fees pursuant to 28 U.S.C. § 1927 and the Court's inherent authority to police the conduct of attorneys who appear before it.  In light of the general complexity of parallel proceedings and the absence of evidence of bad faith, we decline to impose sanctions at this time.  Plaintiff is reminded, however, that the underlying purpose of the principles of comity and judicial economy articulated by this Court in this opinion and previously are undermined by using this proceeding to litigate matters twice or to raise issues here that

As noted above, in anticipation of Judge Irenas's decision in <u>Manning</u> on the collective action certification issue, this Court set forth plaintiff's options: "If the <u>Manning</u> action is certified as a collective action, plaintiff will have the choice to either opt-in, or to continue with his own action separately.  If the <u>Manning</u> action is not certified, then plaintiff may continue his own action, but not as a collective action, unless he can demonstrate a reason otherwise."  (Docket No. 40 at 8-9.)  Because the <u>Manning</u> action has been conditionally certified, plaintiff must choose between opting in to that action, or continuing independently with his own action here.  Certification of a separate collective action is not available to plaintiff at this time.

Accordingly, plaintiff's second motion "to certify class seeking an order on conditional class certification and judicial notice" must be denied.  An appropriate Order will be entered.

Date: April 7, 2011                     s/ Noel L. Hillman

At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

---

should be brought before Judge Irenas.  Any future failures to litigate this matter consistent with the principles articulated may be viewed by this Court in a different light.